UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Fadius Thelusma, | ) | Civil Action No.: 4:15-cv-02093-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J. Robert Griggs, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's motion for entry of default judgment [ECF #11] against Defendant J. Robert Griggs. This is an action by a migrant farm-worker who worked during the 2012 tobacco harvest on the operations of Defendant J. Robert Griggs. *See* Complaint (Docket Entry #1) at 2-3, && 8-10. During the harvest, the Plaintiff and other migrant workers were housed in unpermitted labor camp housing that was seriously substandard, in violation of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801, *et seq*. (AWPA). *See* Complaint (Docket Entry #1) at 3-5, & 12-14.

A review of the docket reflects that Defendant was personally served with the Summons and Complaint on June 24, 2015. On August 12, 2015, Plaintiff requested that the Clerk enter default against Defendant for failure to file a responsive pleading. On August 26, 2015, Plaintiff filed the instant motion for default judgment seeking statutory damages in the amount of $1,500.00 for the alleged violations of the AWPA.

The Court finds there is no need for an evidentiary hearing and that a decision is properly reached on the basis of the uncontested pleadings. *See* Fed. R. Civ. P. 55(b)(2)("The Court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting;

(B) determine the amount of damages; (c) establish the truth of any allegation by evidence; or (D) investigate any other matter."); *Anderson v. Foundation for Advancement, Educ. and Employment of American Indians*, 155 F.3d 500, 507 (4th Cir. 1998) ("We do, of course, recognize that in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing."); *JTH Tax, Inc. v. Smith*, 2006 WL 1982762 at *2 (E.D. Va. 2006) ("If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing."); *See also DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (accepting plaintiff's allegations against defaulting defendant as true, noting a defaulting defendant "'admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (quoting *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).

The Court has reviewed the Plaintiff's complaint and its allegations, which due to the Defendant's default, the Court accepts as true, and has determined that it provides a reasonable basis upon which to rest an award of damages that is easily computable, as set forth in detail in both the complaint and the motion for default judgment. The Complaint alleges that Defendant intentionally committed three violations of the AWPA each related to inadequate housing. Specifically, Plaintiff alleges Defendant intentionally violated the AWPA by: 1) permitting occupancy in a housing facility before the facility was certified by a state or local health authority as meeting applicable safety and health standards relating to migrant labor housing in violation of 29 U.S.C. § 1823(b)(1) and 29 C.F.R. § 500.135(a); 2) permitting housing facilities to be occupied by the Plaintiff without

posting at the housing site a copy of the certificate of occupancy from a state, local, or federal agency which had conducted a housing safety and health inspection in violation of 29 U.S.C. § 1823(b)(1) and 29 C.F.R. § 500.135(b); and 3) failing to ensure that the accommodations provided to the Plaintiff complied with substantive federal and state safety and health standards applicable to housing in violation of 29 U.S.C. § 1823(a) and 29 C.F.R. § 500.130.  Pursuant to 29 U.S.C. § 1854(c), Plaintiff seeks statutory damages of $500.00 for each alleged violation of the AWPA for a total statutory damage award of $1,500.00.

Based on the pleadings and for the reasons set forth in Plaintiff's motion, it is hereby

**ORDERED AND ADJUDGED** that Fadius Thelusma, the Plaintiff, does recover from Defendant, J. Robert Griggs, the sum of $1,500.00, as set forth in detail in the motion and complaint.

The Court orders that judgment by default be entered against Defendant, J. Robert Griggs, as set forth above.

**AND IT IS SO ORDERED**.

September 28, 2015                                          s/ R. Bryan Harwell
Florence, South Carolina                                    R. Bryan Harwell
                                                            United States District Judge